IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IVETTE CONTRERAS, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 3:19-cv-164 |
| vs. § | |
| § | |
| REMCO INSURANCE AGENCIES, INC § | |
| AND RAHIM PEERBHAI, § | |
| § | |
| Defendants. § | |

## **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff Ivette Contreras for her Complaint against Remco Insurance Agencies, Inc. and Rahim Peerbhai states and alleges as follows:

### SUMMARY

1.      Remco Insurance Agencies, Inc. (hereinafter "Remco") and Rahim Peerbhai (collectively "Defendants") filed false criminal charges against Plaintiff Ivette Contreras ("Plaintiff") in retaliation for her filing of her Fair Labor Standards Act Complaint against Defendant Remco for unpaid overtime.

2.      Defendants' actions are in violation of the FLSA's anti-retaliatory provision, 29 U.S.C. § 215 (a)(3).

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

4.      Venue is proper in the Western District of Texas because Defendant engages in business here and a significant portion of the events giving rise to Plaintiff's claim occurred

here.

## THE PARTIES

5. Defendant Remco Insurance Agencies, Inc. is a domestic corporation with its principle place of business in Houston, Texas.

6. Defendant Rahim Peerbhai is the President and CEO of Defendant Remco.

7. Plaintiff Ivette Contreras is a resident of Texas.

## COVERAGE

8. Defendant Remco Insurance Agencies, Inc. is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant Peerbhai was the managing agent of Remco, said Defendant acted and acts directly in the interests of the Defendant Remco. Defendant Peerbhai effectively dominated Remco administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Peerbhai was an "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d).

10. At all times material hereto, Defendant Peerbhai operated Remco.

11. At all times material hereto, Defendant Peerbhai regularly held and/or exercised the authority to hire and fire employees of Remco.

12. At all times material hereto, Defendant Peerbhai regularly held and/or exercised the authority to determine the work schedules for the employees of Remco.

13. At all times material hereto, Defendant Peerbhai regularly held and/or exercised the authority to control the finances and operations of Remco.

14. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

15. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

16. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

17. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

18. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce, thus affording them the protections of the FLSA.

**FACTUAL ALLEGATIONS**

19. Defendant is an insurance company that specializes in personal and business insurance across Texas.

20. Plaintiff Contreras began working for Defendants on or about March 27, 2018 as a salary paid insurance agent and continued employment with Defendants through on or about September 5, 2018. Plaintiff worked on average of 50 hours or more per week for Defendants without overtime compensation. Accordingly, Plaintiff filed a complaint for unpaid overtime in the Western District of Texas on September 19, 2018 against Defendant Remco[1].

21. Defendant Remco was served with notice of that lawsuit on September 21, 2018.

22. Defendant retaliated against Plaintiff and filed false criminal charges against her

---

[1] Civil Action No. 5:18-cv-976

for theft on September 24, 2018, just three days after it was served with process of Plaintiff's unpaid overtime lawsuit.

23. However, Plaintiff was not made aware of the criminal charges against her until the end of March when her current employer received a phone call from the sheriff's office indicating that there was a warrant out for her arrest.

24. As a result of the retaliation inflicted by Defendant, Plaintiff suffered damages including, but not limited to, significant emotional pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life.

## CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – RETALIATION

25. Plaintiff incorporates all allegations contained in paragraphs 1-24.

26. In violation of § 215(a)(3), Defendant filed false criminal charges against her for theft on September 24, 2018, just three days after it was served with process of this lawsuit.

27. Defendant willfully violated the FLSA by filing false criminal charges against Plaintiff in retaliation for her filing of her FLSA Complaint.

28. Plaintiff is entitled to reasonable attorneys' fees and costs of this action, an award of damages for emotional distress, pain and suffering, inconvenience and loss of enjoyment of life, punitive damages for Defendant's willful conduct, and such other relief as may be just and proper.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

1. damages for emotional distress, pain and suffering, inconvenience and loss of enjoyment of life, punitive damages awarded to Plaintiff;

2. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

3. enter an order granting injunctive relief ordering Defendants to withdraw their criminal charges against Plaintiff;

4. pre-judgment and post judgment interest at the highest rates allowed by law; and

5. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*